[Crim. No. 3207.    Third Dist.    Feb. 14, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIE OBIE EDMOND, Defendant and Appellant.

Stanley G. Lerner, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Nat Agliano, Deputy Attorney General, for Plaintiff and Respondent.

PEEK, P. J.—Defendant appeals from the judgment of conviction and the order denying his motion for a new trial following a jury verdict finding him guilty of five counts of robbery in the first degree.

Upon defendant's request this court appointed counsel to assist him in his appeal. After an examination of the record and discussions with defendant, counsel informed the court that he found no error upon which a meritorious appeal could be based. Thereafter, defendant filed an opening brief, which was followed by a supplemental brief, as well as a closing brief. Our examination of the briefs, which defendant filed in his own behalf, and of the record on appeal compels the same conclusion as reached by counsel, that defendant's appeal is wholly without merit.

Defendant's primary contention relates to comments by the district attorney concerning his failure to testify and to deny or explain facts within his own knowledge, and the instructions given by the trial court on this issue. He further complains of the failure of his counsel to object to such comments and instructions. Finally, he attacks the sufficiency of the evidence, particularly his identification as the perpetrator of the crimes charged.

Turning first to the question of the sufficiency of the evidence, the information charged defendant with five counts of robbery of four bars and one café, all located in Sacramento and occurring during the months of May, June, and July of 1960. In each instance the victims testified that the

robber was a Negro wearing a light colored trench coat and a soft hat of light color, variously described as a "pork-pie" or "alpine" type hat, who entered their establishments carrying a gun and forcibly took money from their possession. He was described by the victims variously as being from 30 to 40 years of age, of stocky build, 5 feet 9 inches to 5 feet 11 inches tall, and weighing from 175 to 200 pounds. Four of the victims testified that he was soft-spoken, and three of them particularly noted that he had a decidedly distinguishable gait or stance. Each of the victims identified him in a police lineup and again at the trial as the man who had committed the robberies. At the time of his arrest he denied having been in Sacramento at any time during the past year. This statement was directly refuted by the testimony of two witnesses who had seen him in that city during the month of August. He consented to a search of his residence where he was staying with a brother. A trench coat and some hats were found. He denied ownership of the coat, saying it belonged to his brother. However, the brother, who was present, stated that they both used the coat. A search was also made at the home of his girl friend where defendant stated he had been staying. There, also, a trench coat and hats were found. One of the hats was later introduced in evidence. He was also asked what type of whiskey he drank and he replied that he drank Scotch. Evidence was introduced that he had taken this type of whiskey from some of his victims. The only difference noticed by the five victims in their identification was that the defendant at the trial wore a mustache which he did not have at the time of the robberies. The evidence as summarized more than amply supported the conclusion of the jury.

The cases relied upon by defendant in support of his first contention are wholly inapplicable. All were decided prior to the amendments to the Constitution (art. I, § 13) and the applicable Penal Code sections (§§ 1093, subd. 6, Comment, and 1127, Instructions). ▮▮▮ The rule now is well established that "the defendant's failure to deny or explain evidence presented against him does not create a presumption or warrant an inference of guilt, but should be considered only in relation to evidence that he fails to explain or deny; and . . . if it appears from the evidence that defendant could reasonably be expected to explain or deny evidence presented against him, the jury may consider his failure to do so as tending to indicate the truth of such evidence and as indicat-

ing that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable." (*People* v. *Adamson,* 27 Cal.2d 478, 490 [165 P.2d 3].) Here the comments of the district attorney come squarely within the rule. (See *People* v. *Wilburn,* 195 Cal.App.2d 702, 705 [16 Cal.Rptr. 97].) And the instructions given by the trial court (CALJIC Nos. 51, 51-A, and 51-B) were all approved in *People* v. *King,* 103 Cal.App.2d 122 [229 P.2d 20].

Equally without merit is defendant's attack upon the comments of the district attorney concerning the duties of his office and those of the jury. Although some of his comments might have been confusing, any confusion resulting therefrom was dispelled when the court, in response to defense counsel's objection, admonished the jury that it should consider only the law as given to it by the court.

Defendant further contends that the court erred when it struck the testimony of a defense witness concerning other robberies which had been committed in the Sacramento area while defendant was in jail, and which were similar in the method of operation to those with which defendant was charged.

A defendant may " '. . . show by any legal evidence that another person had committed the crime with which he is charged, and that he is innocent of any participation therein.' " (*People* v. *Vatek,* 71 Cal.App. 453, 473 [236 P. 163] ; *People* v. *Mitchell,* 100 Cal. 328 [34 P. 698].) But that does not mean unlimited inquiry into collateral matters; that is, it is strictly limited to pertinent evidence. Thus, the mere possibility that some person did it is not enough. "There must be some competent and substantial proof of a probability that this happened." (*People* v. *Buono,* 191 Cal.App.2d 203, 228 [12 Cal.Rptr. 604] ; *People* v. *Perkins,* 8 Cal.2d 502; *People* v. *Mendez,* 193 Cal. 39 [233 P. 65].)

The testimony sought to be introduced did not come within the rule. There was nothing in the stricken testimony to even suggest that the robberies had been committed by the same man as those robberies with which defendant was charged; hence, the court properly granted the prosecution's motion to strike. Here it should be noted that the court did allow three witnesses, who were called by the defendant, to testify to this same issue.

The judgment and order are affirmed.

Schottky, J., and Pierce, J., concurred.