STATE OF CONNECTICUT *v.* ROBERT GIGUERE

BOGDANSKI, C. J., HEALEY, PARSKEY, ARMENTANO and WRIGHT, Js.

Argued April 10—decision released June 9, 1981

*Richard R. Brown,* special public defender, for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *John M. Bailey,* state's attorney, and *Martin Gold,* assistant state's attorney, for the appellee (state).

ARTHUR H. HEALEY, J. After a trial to a jury, the defendant was convicted of assault in the first degree, in violation of General Statutes § 53a-59 (a) (3). From the judgment rendered thereon, he appeals, pressing two claims of error: (1) the court erred in denying his motion for acquittal because the evidence was insufficient for his conviction under § 53a-59 (a) (3); and (2) the court erred in excluding the testimony of a police officer.

The jury could reasonably have found the following: On December 14, 1977, at about 6:20 p.m., the Hartford police found the victim of an assault, Lillian Pignone, on the floor of the Act II Boutique on Farmington Avenue in Hartford. Pignone, who worked as a part-time salesperson at the secondhand clothing store, had been severely beaten about the head, face, shoulders, and body. She suffered several stab wounds about the head believed to be from an ice pick. She also suffered a broken jaw, fractured fingers, and some fractured teeth. The victim testified that her assailant had stabbed her repeatedly about the head and had punched her in the face, causing her to suffer numerous puncture wounds.

Pignone gave a description of the assailant, whom she believed to be the same man who had come into the store two days earlier looking for a London Fog coat for his hospitalized wife. Margaret Phelps, a part-time salesperson at the store, testified that this same person came into the store, a day before the assault in question, looking for a London Fog coat for his hospitalized wife.

On the basis of the descriptions given by the victim and Phelps, the police, on December 19, 1977, put together a composite picture of the man believed to be the assailant. Later that day, while canvassing the Farmington Avenue area for possible suspects, the police came upon the defendant at a local bar, which was located not too far from the defendant's house. The defendant's photograph was taken, and he was subsequently identified as the man who had been looking for the London Fog coat and as the assailant. The defendant was charged with assault in the first degree, in violation of General Statutes

§ 53a-59 (a) (3). The jury found him guilty of the charge, and judgment was rendered against him. He now appeals.

The defendant claims first that the court erred in denying his motion of acquittal, which alleged that the evidence was insufficient for a conviction of assault in the first degree under § 53a-59 (a) (3). He specifically argues that the state failed to produce sufficient evidence to show that he acted "recklessly," as required by that statute.[1]

General Statutes § 53a-59 (a) (3) provides: "A person is guilty of assault in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person." Under General Statutes § 53a-3 (13) "[a] person acts 'recklessly' with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."

In determining whether the evidence is sufficient to sustain a verdict, "the issue is whether the jury

---

[1] In response to the defendant's motion for a bill of particulars, which requested in part that the state "state the mode and manner by which said offenses are alleged to have been committed, describing the precise conduct which is alleged to have constituted the offenses," the state answered: "[T]he defendant did assault the victim with his hands and an ice pick which caused the victim serious physical injury. Said conduct was done recklessly and with an extreme indifference to human life and created a risk of death to the victim, Lillian Pignone."

could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt." *State* v. *Bember,* 183 Conn. 394, 397, 439 A.2d 387 (1981); *State* v. *Gaynor,* 182 Conn. 501, 503, 438 A.2d 479 (1980); *State* v. *Nemeth,* 182 Conn. 403, 410, 438 A.2d 120 (1980); *State* v. *Festo,* 181 Conn. 254, 259, 435 A.2d 38 (1980). "In ruling on such a motion, the evidence presented at trial must be given a construction most favorable to sustaining the jury's verdict." *State* v. *Jackson,* 176 Conn. 257, 262, 407 A.2d 948 (1978); *State* v. *Chetcuti,* 173 Conn. 165, 172, 377 A.2d 263 (1977). "Each essential element of the crime charged must be established by proof beyond a reasonable doubt"; *State* v. *Stankowski,* 184 Conn. 121, 126, 439 A.2d 918 (1981); and " 'although it is within the province of the jury to draw reasonable, logical inferences from the facts proven, they may not resort to speculation and conjecture.' " *State* v. *Gaynor,* supra, 503; *State* v. *Festo,* supra, 259. Upon review, we conclude that the evidence in this case was sufficient to justify the verdict of guilty beyond a reasonable doubt. The evidence sufficiently supports the verdict that the defendant committed the assault in question, in violation of General Statutes § 53a-59 (a) (3), and acted recklessly, as that term is defined in our statutes.

The defendant argues that although the evidence establishes that he acted intentionally, the evidence is insufficient to support the conclusion that he acted recklessly. Although it is true, as the defendant points out, that intentionality and recklessness are two distinct states of mind; see *State* v. *Ruiz,* 171 Conn. 264, 368 A.2d 222 (1976); this does not

mean that the same factual circumstances cannot support a jury finding of either intentionality or recklessness.[2]

Our statutory definition of "recklessly"[3] speaks "to a *result* or to a *circumstance* described by a statute defining an offense . . . ." (Emphasis added.) General Statutes § 53a-3 (13). The conduct proscribed by § 53a-59 (a) (3) is that which is engaged in by a person who is "aware of" yet "consciously disregards" a "substantial and unjustifiable risk" that such a result will occur. We cannot hold that the evidence was insufficient to support a finding that the defendant, who severely beat the victim and stabbed her with an ice pick, acted "recklessly" as defined in General Statutes § 53a-3 (13) and required by § 53a-59 (a) (3).

The defendant also claims that the court erred in refusing to allow a police officer to testify. During the trial, the defense called former Hartford police officer Ronald Hakian to testify. Hakian had been one of the investigating officers of this assault. Defense counsel made an offer of proof that Hakian would testify that during the same period of time as the present assault, there were several assaults on

---

[2] The Model Penal Code, in fact, after defining the terms "purposely," "knowingly," "recklessly," and "negligently," states that "[w]hen recklessness suffices to establish an element [of an offense], such element also is established if a person acts purposely or knowingly." Model Penal Code § 2.02 (5).

[3] The definition of the term "recklessly" has not been without difficulty. New York defines "recklessly" substantially as does Connecticut. See 39 McKinney's Consolidated Laws of New York, Penal Law § 15.05. The New York Court of Appeals, however, has said: " 'Reckless,' like other terms defining the 'mental element' of crimes, has long eluded precise legal definition." *People* v. *Cruciani*, 36 N.Y.2d 304, 306, 367 N.Y.S.2d 758 (1975); see *Morissette* v. *United States*, 342 U.S. 246, 248, 72 S. Ct. 240, 96 L. Ed. 288 (1952).

women in the same neighborhood, and that the assailant in these assaults was described to be approximately five feet ten inches tall, neatly dressed, clean shaven, with black hair and wearing black clothing. This description matched the description of the assailant given by the victim and by Phelps. Defense counsel, by this offer of proof, attempted to buttress its claim that it was not the defendant who had assaulted the victim — the defendant was only five feet eight to five feet nine inches tall — but some other third person who had matched the description. The court sustained the state's objection on the ground, inter alia,[4] that the evidence was not relevant.

We have stated: "Ordinarily, evidence concerning a third party's involvement is not admissible until there is some evidence which *directly connects* that third party with the crime." (Emphasis added.) *State* v. *Kinsey,* 173 Conn. 344, 348, 377 A.2d 1095 (1977). "The defendant can always show that some other person and not the defendant committed the crime; however, it is within the sound discretion of the trial court to refuse to admit such evidence when it simply affords a possible ground of possible suspicion against another person." *State* v. *Renteria,* 21 Ariz. App. 403, 404, 520 P.2d 316 (1974); see *People* v. *Hayden,* 30 Cal. App. 3d 446, 106 Cal. Rptr. 348 (1973); *State* v. *Umfrees,* 433 S.W.2d 284 (Mo. 1968); *State* v. *Shinn,* 238 N.C. 535, 78 S.E.2d 388 (1953); see also *People* v. *Edmond,* 200 Cal. App. 2d 278, 19 Cal. Rptr. 302 (1962); *State* v. *Larsen,* 91 Idaho 42, 47, 415 P.2d 685 (1966); *State* v. *McDowell,* 301 N.C. 280, 271 S.E.2d 286 (1980). The trial court has broad discretion in rul-

---

[4] The trial court also sustained the state's objection on the ground of hearsay.

ing on questions of relevancy. *State* v. *Runkles*, 174 Conn. 405, 413, 389 A.2d 730, cert. denied, 439 U.S. 859, 99 S. Ct. 177, 58 L. Ed. 2d 168 (1978); *State* v. *Smith*, 174 Conn. 118, 122, 384 A.2d 347 (1977). Applying these standards, we hold that the trial court did not abuse its discretion in refusing to admit this evidence on the basis of relevancy. Cf. *Commonwealth* v. *Keizer*, 377 Mass. 264, 267–68, 385 N.E.2d 1001 (1979).

There is no error.

In this opinion the other judges concurred.