## STATE OF CONNECTICUT *v.* WARREN COOPER
## (2350)

TESTO, HULL and DUPONT, Js.

Argued November 29, 1983—decision released February 14, 1984

*James J. Ruane,* assistant public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Christine O'Sullivan,* assistant state's attorney, for the appellee (state).

TESTO, J. After a jury trial, the defendant was convicted of possessing heroin in violation of the state dependency producing drug law, General Statutes (Rev. to 1979) § 19-481 (a).[1] The defendant has

---

[1] General Statutes § 21a-279 (formerly Sec. 19-481) reads in relevant part as follows: "(a) Any person who possesses or has under his control any quantity of any narcotic substance, except as authorized in this chapter, for a first offense, may be imprisoned not more than seven years or be fined not more than three thousand dollars . . . ."

appealed,[2] claiming error in the court's admission of certain physical evidence.[3]

On December 8, 1979, the defendant entered the State Street Diner in Bridgeport. After eating, the defendant was standing in line at the cash register. As he pulled something out of his pocket, a package of glassine envelopes wrapped in an elastic bag fell to the floor. Officer Antonio Brown, who was working overtime duty at the diner, picked up the packet and placed the defendant under arrest. The subsequent "pat down" search of the defendant revealed additional bags. In all, there were twenty bags. At the police station, Brown initialed the bags and turned them over to an officer in the record room without indicating which had been taken from the floor and which from the defendant's person.

On November 20, 1981, the defendant was tried by a jury on a substitute information charging him with possession of heroin in violation of General Statutes (Rev. to 1979) § 19-481 (a).[4] The jury returned a verdict of guilty. On January 22, 1982, the defendant was sentenced to a prison term of not less than three and one-half or more than seven years. This appeal followed.

The defendant claims as error that the trial court abused its discretion in admitting into evidence the glassine bags which did not contain heroin. During the course of Brown's direct testimony, the state offered

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[3] The defendant initially included two other issues in his amended preliminary statement of issues which have been withdrawn.

[4] The original information, in two counts, filed on January 2, 1980, charged the defendant with the violation of the state dependency producing drug law, § 19-481 (a) of the General Statutes (Rev. to 1979): count one for possession of cocaine; and count two for possession of heroin. The substitute information charged him with one count for possession of heroin only.

as evidence a plastic bag containing twenty smaller glassine bags. These smaller bags were all of the bags seized by Brown at the diner. Packets numbered one through fifteen contained heroin. The defendant objected on grounds of relevancy[5] to the admission of the other packets, which did not contain heroin. Specifically, the defendant maintains that the state should have been precluded from offering those items into evidence since the substitute information removed from issue his possession of a drug other than heroin.[6] We do not agree.

The question of relevance is to be determined in each criminal case in accordance with reason and judicial experience; *State* v. *Wilson,* 178 Conn. 427, 437, 423 A.2d 72 (1979); and requires the exercise of the court's discretion. *State* v. *Giguere,* 184 Conn. 400, 405–406, 439 A.2d 1040 (1981); *State* v. *Gold,* 180 Conn. 619, 646, 431 A.2d 501, cert. denied, 449 U.S. 920, 101 S. Ct. 320, 66 L. Ed. 2d 148 (1980). Reversal of the court's ruling is required only where an abuse of discretion is manifest or where injustice appears to have been done. *State* v. *Tedesco,* 175 Conn. 279, 291, 397 A.2d 1352 (1978).

"Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more probable. Unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the

---

[5] The defendant objected on a second ground. "Secondly, I would object to the substance which will be identified, as I understand it, as heroin, which was the subject of the Motion to Suppress in order to preserve, at this point, my rights on appeal on the decision on the Motion to Suppress."

[6] See footnote 4, supra.

issue." *State* v. *Gold,* supra, 645–46, quoting *State* v. *Villafane,* 171 Conn. 644, 674–75, 372 A.2d 82 (1976), cert. denied, 429 U.S. 1106, 97 S. Ct. 1137, 51 L. Ed. 2d 558 (1977).

The glassine bags which did not contain heroin were admitted to corroborate the total number of bags found by the officer both on the floor and on the defendant. The state offered them into evidence to show what had actually transpired at the diner. Their admissibility along with that of packets one through fifteen were necessary as part of the complete story. Moreover, the defendant was not prejudiced by their admission since the jury was never told of their contents. The court in its charge and supplemental charge reminded the jurors that the contents of these bags were not included in the substituted information. Under these circumstances, we find that the trial court did not abuse its discretion.

There is no error.

In this opinion the other judges concurred.