[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
At a violation of probation hearing held on December 1, 1994, Probation Officer Stanley Prybylski testified that defendant Joseph Wixted was convicted of Reckless Endangerment in the first degree on January 11, 1994 and sentenced to one year, execution suspended, two years probation. On May 27, 1994, the defendant was convicted of violation of probation and was sentenced to one year execution suspended after one month and two years probation. After his release from jail, Wixted met with Prybylski on June 17, 1994. At that time, Prybylski read the conditions of probation to defendant who read them aloud and signed them. Among the conditions of probation was a condition that defendant not violate any criminal law of the United States or the State of Connecticut.
On July 22, 1994 defendant was a passenger in a motor vehicle which was stopped pursuant to police investigation. When defendant exited the vehicle, a clear plastic bag containing green plant-like substance fell from under his untucked shirt. Officer Gugliotti picked up the bag and placed defendant Wixted under arrest for possession of marijuana. By warrant, defendant was charged with violation of probation and entered a denial on September 27, 1994.
The court finds pursuant to State v. Davis, 229 Conn. 285
CT Page 1585 (1994) by a fair preponderance of the evidence that defendant did indeed violate conditions of his probation in that he committed the offense of possession of marijuana in violation of § 21a-279(c) of the Connecticut General Statutes.
The first issue raised by defendant was whether the court should strike State's Exhibit A-1, the alleged bag of marijuana taken from the defendant because the state failed to prove that said bag was the one seized from the defendant. It is clear that there was a discrepancy in testimony concerning the amount of marijuana allegedly in the bag. The state must prove that the substance analyzed and introduced into evidence was the substance seized from the defendant. State v. Nieves,186 Conn. 26, 29 (1982). Officer Gugliotti, the officer who first seized the marijuana from defendant at the scene, testified that he was certain, positive that the bag offered into evidence was the same bag that he had seized from defendant. Gugliotti had picked up the bag and handed it at the scene to Officer Soto who took it to police headquarters. After the bag was sealed, it was brought to the desk at the police department and placed in the evidence room. At police headquarters Officer Velez who had also been at the scene weighed the marijuana and field tested it. The bag was sealed by Soto or Velez. The case #94-59107 was placed on the sealed bag.
Officer Gugliotti testified that before weighing the bag, Velez and he discussed how many grams were in an ounce and they compared grams and ounces. Officer Gugliotti testified that Officer Velez weighed the bag and called out the weight of same to Gugliotti who recorded the weight as 23 grams, although Gugliotti testified that he might have been mistaken about the amount he wrote down and he might have written something different than Velez told him.
Dr. Richard Pinder from the State Toxicology Laboratory testified that he analyzed the substance in the bag marked case #94-59107 seized by Velez and Soto. He testified that the weight of the contents were 11.5 grams.
At trial, Officer Velez brought the scale with him that he had used originally, re-weighed the bag in court and the bag in its wrapping weighed 12.5 grams. Officer Velez stated that he was not aware of calibration of the scale and could not attest to its accuracy. CT Page 1586
At all times the bag of marijuana admitted into evidence bore the Police Dept. case #94-59107. The amount written by Officer Gugliotti, which he admits could have been mistaken was 11.5 grams, exactly one-half of the amount attested to by Dr. Pinder of the laboratory. There was no testimony elicited as to the amount of marijuana used in testing by the laboratory. In any event, the amount placed in evidence as weighed in court, was less rather than more than the amount written down by Officer Gugliotti.
Both Officer Velez and Officer Gugliotti testified that the package placed in evidence was the package of marijuana seized from defendant. The package bore the same police case I.D number as the package tested by the state laboratory in Hartford. The court is satisfied as to the chain of custody of State's Exhibit A and admitted it as an exhibit.
It appears more probable than not to this court that the officer in weighing and transcribing the numbers made an error in the written amount and that the marijuana in the bag seized was substantially in the same condition as it was at the time of the incident. State v. Johnson, 162 Conn. 215, 232 (1972);State v. Nieves, supra. The court finds facts in this situation analogous to those found in State v. Lee, 32 Conn. App. 84
(1993).
The remaining issues raised by defendant revolve on the question of a strip search allegedly performed on the street by Officer Gugliotti on defendant Wixted. Defendant claims that because the seizure of the bag of marijuana was the result of a strip search in violation of § 54-33k and l, the evidence so seized, i.e. State's Exhibit A, should be suppressed.
The first question, then, to be determined by the court is whether a strip search was in fact performed. Officer Gugliotti testified that as defendant Wixted exited the motor vehicle in which he was a passenger on North Main Street, Waterbury, a clear plastic bag (State's Exhibit A) fell out of his shirt and that he (Gugliotti) picked it up. Gugliotti testified that defendant was wearing an "untucked" shirt and that the bag fell from under the shirt to the ground. Gugliotti testified that he did not order defendant to drop his shorts or his underwear. He was emphatic that the bag fell out of defendant's untucked shirt. Officer Soto testified that Gugliotti did not do a strip search of defendant on the street. CT Page 1587
Defendant Wixted took the stand and testified that he had a bag of "weed" in his underwear at the time he was stopped and told to exit the automobile by Officer Gugliotti. He testified that Gugliotti, on the street, ordered him to drop his pants and that the cops saw the weed in his underwear after he stretched it but didn't take it out; that they made him walk around the car with his pants down; that his beeper fell out of his pants; and that his pants were at his knees and not pulled up until he was at the police station; that there were three black ladies about 15' away and that Officer Soto talked to the women; and that the bag wasn't removed from his underwear until he was brought to the police station. He further testified that he believed the bag in evidence was smaller than what he had at the scene.
Defendant called Paul Furtado, the owner and driver of the car in which defendant was stopped who testified that he saw thecops pull defendant's pants down and grab weed. Defendant's witness Joseph Kerensky testified that he saw a cop (but he wasn't sure which officer) stick his hands in defendant's pants, pull out marijuana and leave it in his (defendant's) pants. Kerensky also testified that three older "colored" ladies were at the scene. There was no further testimony on behalf of defendant except for police officers called by defendant.
Officer Gugliotti, Soto and Velez deny that there was a strip search or that the bag of marijuana was left in defendant's pants until they arrived at police headquarters. Rather, Gugliotti stated that he seized the bag at the scene after it dropped from defendant's person.
The court finds the testimony of the police officers to be consistent and credible and the testimony of defendant Wixted, Furtado and Kerensky to be incredible.
In summation, the court finds that defendant Joseph Wixted, on July 22, 1994 was in possession of marijuana. That this was a violation of the laws of the State of Connecticut and therefore a violation of the conditions of his probation.
KULAWIZ, J. CT Page 1588