ROSE MARIE EASON *v.* EARL I. WILLIAMS, EXECUTOR (ESTATE OF JOHN H. CARTER), ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued October 7—decision released October 28, 1975

*Howard A. Jacobs,* for the appellant (plaintiff).

*Morris Melnick,* with whom, on the brief, was *Victor M. Gordon,* for the appellee (named defendant).

PER CURIAM. The plaintiff filed a motion for appeal from probate on October 5, 1970, returnable to the Superior Court. The motion alleged that the plaintiff was an heir-at-law of the deceased and that she was aggrieved by an order of the court granting the application for probate of the will of the deceased, John H. Carter. The named defendant filed a plea in abatement denying that the plaintiff was an heir-at-law. The court sustained the plea in abatement, from which judgment the plaintiff has appealed.

The only errors briefed by the plaintiff relate to the court's discretion in restricting the cross-examination of a witness and its refusal to allow an exhibit into evidence at the hearing on the plea in abatement.

On direct examination, the named defendant testified to a conversation he had with the deceased in which the deceased told the defendant that the plaintiff was his stepdaughter and that the value of the estate was about $30,000. On cross-examination, the named defendant testified that the deceased executed his will while he was ill in a veterans hospital, and that he subsequently died from that illness. At this point the inventory of the estate, which was considerably more than $30,000, was offered by the plaintiff. The offer was denied by the court because the size of the inventory was

not relevant to whether the plaintiff was either a daughter or a stepdaughter. The plaintiff claimed, in essence, that such evidence would indicate that the state of mind of the deceased which made him incapable of making an accurate representation of the size of the estate would also render him incapable of making an accurate representation of the relationship between himself and the plaintiff. After this ruling, on cross-examination, the named defendant was asked the percentage of the residuary estate left to a particular heir. The named defendant's objection concerning the relevancy of the question was sustained and an exception was taken. The claim of admission was that "certain of the things put in the will were Mr. Williams' idea and not the testator's, and he so testified."

The issue before this court is whether the Superior Court abused its discretion by refusing to admit evidence it considered to be irrelevant. When an offer of evidence is challenged as irrelevant, the court must test the strength of the inference between the fact to be proved and the fact in issue. This question of relevancy must be determined according to reason and judicial experience. *Robinson* v. *Faulkner,* 163 Conn. 365, 371, 306 A.2d 857; *Branford Sewer Authority* v. *Williams,* 159 Conn. 421, 425, 270 A.2d 546; *State* v. *Towles,* 155 Conn. 516, 523, 235 A.2d 639. That determination requires the exercise of the court's discretion. *State* v. *Blyden,* 165 Conn. 522, 531, 338 A.2d 484; *State* v. *Keating,* 151 Conn. 592, 597, 200 A.2d 724, cert. denied sub nom. *Joseph* v. *Connecticut,* 379 U.S. 963, 85 S. Ct. 654, 13 L. Ed. 2d 557; *State* v. *Bassett,* 151 Conn. 547, 551, 200 A.2d 473. The court did not abuse its discretion.

There is no error.