STATE OF CONNECTICUT *v.* JEFFREY L. FLUERY
(2583)
(2584)

HULL, SPALLONE and DALY, Js.

Argued January 17—decision released March 11, 1986

*Glenn E. Coe,* for the appellant (defendant in both cases).

*John M. Massameno,* assistant state's attorney, with whom, on the brief, was *Terrence Sullivan,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant entered a plea of guilty in the first case to the charge of carrying a revolver without a permit in violation of General Statutes § 29-35. In the second case, the defendant pleaded guilty to the charge of failure to appear in the first degree in violation of General Statutes § 53a-172.

After a presentence investigation and following a sentence proceeding in which the defendant presented testimony along with a sentencing memorandum with an attached psychiatric report, the defendant was sentenced on the weapons charge to fifteen months execution suspended after one year followed by two years of probation. The defendant was sentenced on the failure to appear charge to six months to be served concurrent with the sentence on the weapons charge. The defendant filed separate appeals for each of the convictions and they have been combined and incorporated into a single record.

In the defendant's preliminary statements of issues, he challenged both sentences as constituting an abuse of the court's discretion and with respect to the weapons charge, challenged the court's refusal "as a mat-

ter of law" to consider the defendant's mental condition as a mitigating circumstance when imposing sentence. The defendant failed to brief the first issue relating to the alleged abuse of the court's discretion, and has briefed only the issue of whether the court erroneously refused to consider the psychiatric evidence as to both convictions. We consider only that issue which has been properly raised, i.e., that the trial court refused to consider the defendant's mental condition as a mitigating circumstance as to the weapons charge. *DeMilo* v. *West Haven,* 189 Conn. 671, 677 n.4, 458 A.2d 362 (1983); *Presutti* v. *Presutti,* 181 Conn. 622, 626, 436 A.2d 299 (1980); *Emerick* v. *Emerick,* 5 Conn. App. 649, 650 n.1, 502 A.2d 933 (1985).

The factual basis supporting the charges to which the defendant pleaded guilty are as follows. On the evening of September 18, 1982, the defendant was carrying a .357 caliber magnum revolver. He carried this weapon while he was inside as well as outside a public cafe. There were six shells in the cylinder, three of which were empty, indicating that the weapon had been discharged. The other three shells were live rounds, one of which was the next in sequence to be fired. A police officer was told that the defendant had the weapon strapped to his leg. Later, the officer observed the defendant waving the revolver above his head as he moved about the cafe's dance floor. The defendant was arrested outside the cafe.

The defendant failed to appear in court on the weapons charge which resulted in the further charge of failure to appear. The defendant subsequently pleaded guilty to carrying a revolver without a permit and to failure to appear. At the sentencing hearing for both convictions, additional facts were presented to the court. These included information that the defendant had a criminal record, that he had been placed on probation on three prior occasions, that he had been found

in violation of probation, that, while on probation, he had twice been convicted of breach of the peace, and that he had two convictions for disorderly conduct, one for interfering with a police officer and the other for failure to appear. The defendant was an admitted user of alcohol, cocaine and other drugs and had not been regularly employed for two years.

In presenting evidence of mitigating circumstances to avoid the imposition of the mandatory minimum sentence and also to establish general mitigating circumstances with respect to the failure to appear charge, the defendant relied heavily on the psychiatric report of Dr. Walter A. Borden. This report described severe family disturbances in the defendant's life, alcohol and drug abuse which resulted in the defendant experiencing complex psychiatric problems and his gradual personality deterioration with distorted thinking processes and impairment in judgment.

Notwithstanding this psychiatric report, the court had before it the presentence report which contained information that led the court to conclude that the defendant intentionally and purposefully carried the revolver on the day of his arrest and that he did so with the knowledge that he was violating the law. The defendant had told his probation officer that he always carries a gun because it is his habit to carry large amounts of cash on him.

We agree with the trial court's finding that there existed no mitigating circumstance which would justify the imposition of less than the mandatory minimum sentence of one year.

The defendant's categorization of the court's action as "concluding as a matter of law" that it could not consider the defendant's mental condition when imposing sentence, is completely at variance with the court's written statement concerning mitigating circumstances

which it prepared in compliance with General Statutes § 29-37 (b).[1] A fair reading of this statement clearly establishes the fact that all the evidence presented at the sentencing proceedings, including the psychiatric report of Dr. Borden, was thoroughly considered by the court in determining the sentence to be imposed. Nowhere in its meticulously detailed and well reasoned statement did the court rule that the defendant's mental condition was not a mitigating circumstance as a "matter of law." A reasonable construction of the statement leads to the opposite conclusion that the court considered all of the circumstances, evidence and reports, including the evaluation of the defendant's mental condition, in arriving at its sentence determinations.

Here, we have no stonewalling against evidence of the defendant's mental condition. But see *Eddings* v. *Oklahoma,* 455 U.S. 104, 102 S. Ct. 869, 71 L. Ed. 2d 1 (1982); *People* v. *Simpson,* 90 Cal. App. 3d 919, 154 Cal. Rptr. 249 (1979). The record in this case indicates that the trial court undertook a genuine and sincere consideration of Dr. Borden's report. The trial court considered the report along with all the facts and circumstances in this case and found that the report failed to establish mitigating circumstances which would justify the imposition of less than the mandatory minimum sentence required by statute.

There is no error in either case.

In this opinion the other judges concurred.

---

[1] General Statutes § 29-37 (b) provides in part: "Any person violating any provision of section 29-35 may be fined not more than one thousand dollars and shall be imprisoned not less than one year nor more than five years, and, in the absence of any mitigating circumstances as determined by the court, one year of the sentence imposed may not be suspended or reduced by the court. The court shall specifically state the mitigating circumstances, or the absence thereof, in writing for the record."