STATE OF CONNECTICUT *v.* DANA P. ASPINALL
(2886)

HULL, SPALLONE and BIELUCH, Js.

Argued December 4, 1985—decision released March 25, 1986

*Richard R. Brown,* with whom, on the brief, was *Michael E. Grossman,* for the appellant (defendant).

*Jeffrey L. Kline,* special assistant state's attorney, with whom was *Carl Schuman,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant is appealing from the judgment of his conviction, after a jury trial, of two counts of selling cocaine in violation of General Statutes § 19-480 (a).[1] The sales were made to Officer Jeffrey Hotsky and occurred on January 27, 1981, and February 2, 1981. At that time and for some time thereafter, Hotsky was acting in his capacity as an undercover officer for the Connecticut Statewide Narcotics Task Force. A warrant for the defendant's arrest was applied for and issued on October 21, 1982. The defendant was arrested on the following day, October 22, 1982. At the time of the illegal sales, the defendant was employed at the Village Vette Shop in Glastonbury. The sales occurred at the defendant's place of employment.

After hearings were held and before trial, the court denied the defendant's two motions to dismiss. The first motion claimed a violation of due process because of

---

[1] General Statutes § 19-480 is now § 21a-277.

the long lapse of time between the dates of the alleged offenses and the issuance of the warrant and arrest. The second motion claimed that the statute under which the defendant was charged was unconstitutionally vague, ambiguous and unclear in that subsections (a) and (b) of that statute prescribed different penalties for the same offense.

Following a trial, the jury found the defendant guilty of both counts. The court sentenced the defendant to imprisonment for a term of three years on each count to run consecutively for an effective sentence of six years. Subsequently, the court vacated its prior sentence and resentenced the defendant to imprisonment on each count for a term of not less than six years nor more than twelve years to run concurrently for an effective sentence of not less than six years nor more than twelve years.

The defendant claims that the court erred (1) in denying the defendant's motion to dismiss because of the delay between the alleged commission of the crimes and the arrest, (2) in denying the defendant's further motion to dismiss on the ground that General Statutes § 19-480 (a) and (b) violated the defendant's state and federal constitutional rights of equal protection and due process of law because of vagueness, ambiguity and lack of clarity, and (3) in failing to allow evidence of a third party's involvement with the crime. He also claims that he received ineffective assistance of counsel in violation of both his state and federal constitutional rights. The defendant's original preliminary statement of issues, filed December 29, 1983, contained a claim that the trial court erred when it resentenced the defendant to a longer term of imprisonment than that provided in the sentence which had been vacated. This issue, however, has not been briefed and is deemed to have been abandoned. *State* v. *Samaha,* 180 Conn. 565,

565 n.1, 430 A.2d 1290 (1980); *Deteves* v. *Deteves,* 2 Conn. App. 590, 590 n.1, 481 A.2d 92 (1984).

We have the advantage of the trial court's clear and authoritative memoranda of decision with respect to the defendant's first two claims of error. The court's memoranda reflect well reasoned, logical and rational responses to the defendant's motions. With regard to the first motion, the court found that the delay caused no prejudice to the defendant. To establish that a pre-arrest delay has caused a denial of the right to due process of law, the defendant must establish a specific showing of prejudice. *United States* v. *Marion,* 404 U.S. 307, 324, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971). Mere allegations of potential prejudice or dimmed memory are insufficient. *State* v. *L'Heureux,* 166 Conn. 312, 322, 348 A.2d 578 (1974); see *State* v. *Morrill,* 197 Conn. 507, 528, 498 A.2d 76 (1985). We cannot say that the trial court was clearly erroneous in finding that there was no showing by the defendant of any actual significant prejudice caused by the delay. *State* v. *Hodge,* 153 Conn. 564, 571, 219 A.2d 367 (1966).

The defendant's second claim of error, that General Statutes (Rev. to 1981) § 19-480 (a) and (b) are unconstitutional because they proscribe the same crime, but provide different penalties for violation, cannot be sustained. Prior to trial, the defendant moved to dismiss the information on the ground that subsections (a) and (b) of General Statutes (Rev. to 1981) § 19-480 provide different penalties for the same offense and, therefore, violated the defendant's constitutional rights. Subsection (a) reads in pertinent part: "Any person who . . . sells . . . any controlled substance which is a hallucinogenic substance, other than marihuana, or a narcotic substance except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than three thousand dollars or be both fined and imprisoned . . . ." The

pertinent language employed in subsection (b) of the statute is as follows: "Any person who . . . sells . . . any controlled substance, except a hallucinogenic substance other than marihuana, or a narcotic substance except as authorized in this chapter, may, for the first offense, be fined not more than one thousand dollars or be imprisoned not more than seven years or be both fined and imprisoned . . . ." The defendant's claim is based on the placement of the comma after the word "marihuana" in subsection (b) which specifically, and merely as a matter of punctuation, is troublesome. As the trial court noted, however, and with this we entirely agree, the statute must be examined "with more than a grammarian's interest."

To begin with, the defendant was charged, tried, convicted and sentenced under § 19-480 (a) without reference at any time to § 19-480 (b). Whatever reference was made to subsection (b) came about because of the defendant's motion to dismiss. Subsection (b) was never a part of the case. Nevertheless, the trial court correctly applied the principles of law that govern the construction of statutes. Where, as here, a question of constitutionality is raised, the court must presume the statute's validity and sustain the legislation unless it clearly violates constitutional principles. If there is a reasonable ground for upholding the legislation, courts assume that the legislative body intended to place it upon that ground and was not motivated by some improper purpose. *State* v. *Gordon,* 143 Conn. 698, 703, 125 A.2d 477 (1956). No statute should be held void for uncertainty if a practicable or sensible effect may be given it. *State* v. *Andrews,* 108 Conn. 209, 213, 142 A. 840 (1928). Additionally, a penal statute may survive a vagueness attack solely upon a consideration of whether it provides fair warning. *State* v. *Pickering,* 180 Conn. 54, 61–62, 428 A.2d 322 (1980); see *State*

v. *Tyson,* 195 Conn. 326, 332, 487 A.2d 1091 (1985); *State* v. *Weber,* 6 Conn. App. 407, 416, 505 A.2d 748 (1986).

By definition contained in General Statutes § 19-443,[2] hallucinogens, narcotics and marihuana are all included in the general term "controlled substance." General Statutes § 19-443 (9). Cocaine is specifically categorized as a "narcotic substance." General Statutes § 19-443 (30). The essence of the defendant's claim is that he could be prosecuted under § 19-480 (a) or (b) for the charge of selling cocaine and, therefore, would be subject to different penalties. There is no doubt that, under the circumstances in this case, the defendant was properly charged with a violation of § 19-480 (a) which forbids the sale of all controlled substances which are hallucinogens, except marihuana, and unauthorized narcotics, which by definition includes cocaine. On the other hand, the defendant, upon a proper construction of the statute, cannot under the circumstances in this case, be charged under § 19-480 (b) which proscribes the sale of a controlled substance including marihuana, but excluding other hallucinogens and unauthorized narcotic substances. An analysis of the pertinent statute indicates a pattern by the legislature of arranging and dividing the various sections into subsections which obviously reflects a legislative intent to list first the more onerous substances along with an appropriate heavier penalty followed, in subsequent subsections, by what the legislature deemed to be less onerous substances along with appropriate lesser penalties. This pattern is ascertainable throughout the pertinent sections of the chapter.[3]

We hold that the trial court correctly construed § 19-480 (a) and (b) and we cannot find error in the

[2] General Statutes § 19-443 is now § 21a-240.

[3] Chapter 359 of the Connecticut General Statutes entitled "Dependency-Producing Drugs," is now Chapter 420b.

court's conclusion that the statutes were not ambiguous as they pertained to the proscribed conduct, that the defendant was provided fair warning, and that the defendant's right to equal protection of the law was not violated. A misplaced or superfluous comma should never be interpreted in a manner that would thwart and frustrate the public policy expressed in the statute.

The defendant's third claim of error is founded on the right of every defendant to give evidence concerning a third party's involvement with the crime as long as there is some evidence which directly connects the third party with the crime. *Siemon* v. *Stoughton,* 184 Conn. 547, 555, 440 A.2d 210 (1981); *State* v. *Giguere,* 184 Conn. 400, 405, 439 A.2d 1040 (1981); *State* v. *Marshall,* 166 Conn. 593, 601, 353 A.2d 756 (1974).

There was evidence submitted in this case that another person named Dana, whose height and hair color resembled the defendant's, and whose last name was McGann, was employed at the same place and at the same time as the defendant. McGann's vehicle was alleged to have been at the premises when a drug transaction occurred and the police department carried McGann's name in its official reports and on a tape recording case used by them during the investigation. The court allowed this evidence to go to the jury but, on the ground of irrelevancy, would not allow the defendant to question a witness as to whether McGann tried to sell the witness cocaine. The defendant argues that by ruling out this question, the court prevented him from establishing the fact that McGann had a propensity to sell cocaine which would then provide the jury with sufficient evidence to connect someone other than the defendant with the crime. He claims that this is particularly so in this case, where there was no evidence, prior to these sales, that the defendant had a propensity to sell cocaine. The state argues that Officer Hotsky positively identified the defendant as the

Dana that sold him the cocaine. The defendant counters that the identification was made by photo some twenty months after the incidents occurred and that the question of identification was the paramount issue in this case.

The defendant urges upon us the proposition that the evidence offered directly connected McGann with the crime and provided more than a mere possible ground or suspicion against him. The trial court by its ruling, however, concluded to the contrary, when it excluded any testimony as to McGann's propensity to sell cocaine as irrelevant.

Our Supreme Court has stated: " 'Ordinarily, evidence concerning a third party's involvement is not admissible until there is some evidence which *directly connects* that third party with the crime.' (Emphasis added.) *State* v. *Kinsey,* 173 Conn. 344, 348, 377 A.2d 1095 (1977). 'The defendant can always show that some other person and not the defendant committed the crime; however, it is within the sound discretion of the trial court to refuse to admit such evidence when it simply affords a possible ground of possible suspicion against another person.' *State* v. *Renteria,* 21 Ariz. App. 403, 404, 520 P.2d 316 (1974); see *People* v. *Hayden,* 30 Cal. App. 3d 446, 106 Cal. Rptr. 348 (1973); *State* v. *Umfrees,* 433 S.W.2d 284 (Mo. 1968); *State* v. *Shinn,* 238 N.C. 535, 78 S.E.2d 388 (1953); see also *People* v. *Edmond,* 200 Cal. App. 2d 278, 19 Cal. Rptr. 302 (1962); *State* v. *Larsen,* 91 Idaho 42, 47, 415 P.2d 685 (1966); *State* v. *McDowell,* 301 N.C. 280, 271 S.E.2d 286 (1980). The trial court has broad discretion in ruling on questions of relevancy. *State* v. *Runkles,* 174 Conn. 405, 413, 389 A.2d 730, cert. denied, 439 U.S. 859, 99 S. Ct. 177, 58 L. Ed. 2d 168 (1978); *State* v. *Smith,* 174 Conn. 118, 122, 384 A.2d 347 (1977)." *State* v. *Giguere,* supra, 405–406.

No precise and universal test of relevancy is furnished by the law, and the question must be determined in each case according to reason and judicial experience. *State v. Periere*, 186 Conn. 599, 607, 442 A.2d 1345 (1982); *Eason v. Williams*, 169 Conn. 589, 591, 363 A.2d 1090 (1975). The trial judge must consider many factors in ruling on relevancy. The court must determine whether the proffered evidence is corroborative or coincidental, whether it is probative or tends to obfuscate, and whether it clarifies or obscures. In arriving at its conclusion, the trial court is in the best position to view the evidence in the context of the entire case, and we will not intervene unless there is a clear abuse of the court's discretion. On appeal, we are limited in our review to a determination of whether, under the circumstances of the case, in exercising its broad discretion, the trial court could legally act as it did, and not whether we, under the same circumstances, would make the same ruling. See *Birgel v. Heintz*, 163 Conn. 23, 26, 301 A.2d 249 (1972); *Pischitto v. Waldron*, 147 Conn. 171, 175, 158 A.2d 168 (1960). We cannot say, under the circumstances in this case, that the trial court, when it refused to admit evidence tending to show that McGann sold cocaine, abused its discretion or acted illegally or against reason or logic.

The defendant's final claim is that he did not receive effective assistance of counsel. It is undisputed that the constitutional right of counsel to which every person accused of a crime is entitled is a right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970); *State v. Rivera*, 196 Conn. 567, 569, 494 A.2d 570 (1985); *State v. Gregory*, 191 Conn. 142, 143, 463 A.2d 609 (1983); *State v. Scielzo*, 190 Conn. 191, 205–206, 460 A.2d 951 (1983). When confronted with a claim of ineffective assistance of counsel, we are placed in a position where we are viewing the performance of trial

counsel after the fact with limited hindsight. We are further hindered because, generally, the record on appeal is devoid of objective factual evidence by which we can measure and evaluate the performance of counsel. Trial counsel's motivation and reasoning governing his or her acts are highly subjective and are not readily ascertainable by us in the absence of a trial court hearing where the facts and circumstances of the case may be focused upon and illuminated. What may facially appear to us as a dereliction by counsel might in the context of the trial be a proper or purposeful tactic.

To expedite the resolution of ineffective counsel claims before appeal, our Supreme Court has very recently established that "[i]t is preferable that all of the claims of ineffective assistance, those arguably supported by the record as well as others requiring an evidentiary hearing, be evaluated by the same trier in the same proceeding. A defendant should not be required to await the outcome of his appeal upon other issues before pursuing his claim of incompetent counsel. If his claim is meritorious, he may often obtain relief in the trial court before his appeal on other issues can be heard, thus mooting such an appeal." *State* v. *Leecan,* 198 Conn. 517, 541–42, 504 A.2d 480, cert. denied, U.S. , 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986).

In *Leecan,* the Supreme Court refused to review "even the portion of the defendant's ineffective assistance claim that he contend[ed] [was] adequately supported by the record." Id., 542. The court concluded that the defendant's ineffective assistance claim should be resolved as a totality after an evidentiary hearing in the trial court, and not in piecemeal fashion. Id.

Because of this modification of appellate procedure in regard to ineffective assistance claims, we will not, at this time, review this claim of the defendant. See

*Sutton* v. *Warden,* 6 Conn. App. 518, 520–21, 506 A.2d 566 (1986).

There is no error.

In this opinion the other judges concurred.