## STATE OF CONNECTICUT *v.* ROBERT JENKINS
### (4337)

BORDEN, SPALLONE and BIELUCH, Js.

Argued May 6—decision released June 10, 1986

*Donald D. Dakers,* for the appellant (defendant).

*Judith Rossi,* deputy assistant state's attorney, with whom, on the brief, were *Mary Galvin,* assistant state's attorney, and *James G. Clark,* deputy assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant takes this appeal from the judgment rendered after his conviction by a jury of the crimes of sexual assault in the first degree in violation of General Statutes § 53a-70 (a), and risk of injury to a minor child in violation of General Statutes § 53-21. He raises only one claim of error, that the trial court abused its discretion in admitting testimony by his wife that, subsequent to the defendant's arrest, she

found magazines in the defendant's private room in the basement of their home which contained sexual pictures involving children.

In order to address the issue raised by the defendant, we do not find it necessary to present a detailed description of the facts of this case except to state that the defendant is the natural father of the victim, his daughter, who was nine years old at the time of the assaults. There was no evidence that the defendant showed the magazines to the victim. The defendant's claim is that his wife's testimony was irrelevant and was prejudicial enough to require reversal. We disagree.

The testimony allowed by the court was merely the witness' oral representation that she found several different magazines in the defendant's room, some of which depicted naked girls about the same age as the victim.[1] The magazines themselves were not produced nor were they offered as evidence. The witness' testimony was given in only a few lines. We conclude that the court's ruling admitting the testimony as relevant to the issues in the case was not erroneous.

Rulings on relevancy are particularly within the province of the trial court and upon review every reasonable presumption should be given in favor of the trial court's ruling. *State* v. *Howard,* 187 Conn. 681, 685, 447 A.2d 1167 (1982); *State* v. *Ryan,* 182 Conn. 335, 337, 438 A.2d 107 (1980). The trial court is vested with broad discretion in ruling on questions of relevancy. *State* v. *Runkles,* 174 Conn. 405, 413, 389 A.2d 730, cert. denied, 439 U.S. 859, 99 S. Ct. 177, 58 L. Ed. 2d 168 (1978); *State* v. *Smith,* 174 Conn. 118, 122, 384 A.2d 347 (1977). " ' "No precise and universal test of

---

[1] The witness also testified that she found "one homosexual magazine, and . . . Playboys."

relevancy is furnished by the law, and the question must be determined in each case according to the teaching of reason and judicial experience." ' " *State* v. *Periere,* 186 Conn. 599, 607, 442 A.2d 1345 (1982); *Eason* v. *Williams,* 169 Conn. 589, 591, 363 A.2d 1090 (1975). In *State* v. *Aspinall,* 6 Conn. App. 546, 554, 506 A.2d 1063 (1986), we stated that "[t]he trial judge must consider many factors in ruling on relevancy. The court must determine whether the proffered evidence is corroborative or coincidental, whether it is probative or tends to obfuscate, and whether it clarifies or obscures. In arriving at its conclusion, the trial court is in the best position to view the evidence in the context of the entire case, and we will not intervene unless there is a clear abuse of the court's discretion."

On appeal, we are limited in our review to a determination of whether, under the circumstances of the case, the trial court, in exercising its broad discretion, could legally act as it did. See *Birgel* v. *Heintz,* 163 Conn. 23, 26, 301 A.2d 249 (1972); *Pischitto* v. *Waldron,* 147 Conn. 171, 175, 158 A.2d 168 (1960). As the state contends, the evidence was probative of the fact that the defendant regarded young girls as objects of sexual interest, and was thus relevant to the charges against him. See *State* v. *Manluccia,* 2 Conn. App. 333, 335–36, 478 A.2d 1035 (1984). Under the circumstances present here, we cannot say that the trial court, in admitting the testimony by the defendant's wife, abused its discretion in deciding that the evidence was relevant or in weighing its probative value against its prejudicial effect.

There is no error.

In this opinion the other judges concurred.