STATE OF CONNECTICUT *v.* RAUL TORRES
(3250)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued October 10—decision released November 11, 1986

*Thomas Wolff,* for the appellant (defendant).

*Robert J. Devlin, Jr.,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Daniel A. Lyons, Jr.,* former assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant was tried by a jury and was convicted of the crimes of burglary in the second degree, in violation of General Statutes § 53a-102, and larceny in the fourth degree, in violation of General Statutes § 53a-125. The defendant appeals from the judgment following these convictions and claims (1) that he was improperly charged with burglary in the second degree, (2) that he has not received proper credit for jail time served, (3) that relevant fingerprint evidence was not presented to the jury, (4) that testimony by his alibi witness was not considered, and (5) that he received ineffective assistance of counsel.[1]

---

[1] In connection with all of these claims, we note that the defendant filed a pro se one page brief that merely recited vague allusions to claimed errors

The jury could reasonably have found the following facts. The victims left their home at about 6:30 p.m. on December 4, 1982. Upon their return at 9:45 p.m. that same night, they discovered that their home had been broken into and ransacked. They also discovered that some of their belongings were missing. Among the missing articles were approximately $605 in coins and bills that had been kept in certain glass jars. The point of entry was determined to have been a kitchen window. Fingerprints were taken from the window and from one of the glass jars that had contained the cash. Because these prints matched those of the defendant, he was arrested upon a warrant.

At commencement of the trial, the state filed a substitute information changing the charges from burglary in the third degree and larceny in the third degree to burglary in the second degree and larceny in the fourth degree. A second part of the information, charging the defendant with being a persistent serious felony offender in violation of General Statutes § 53a-40 (b), was dropped by the state. The defendant did not object to the substitute information, made no claims of surprise, and, in fact, through counsel agreed to the substituted information. The trial proceeded and the defendant was found guilty as charged.

The defendant's first claim of error is that he was improperly charged with burglary in the second degree. This claim was never raised in the trial court. Further, prior to oral argument, the defendant neither claimed nor briefed that this allegation of error was reviewable under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). Consequently, we decline to consider this averment of error.

and did not even minimally conform to the rules governing the filing of briefs. See Practice Book § 4065. Although counsel appeared at oral argument, no request to file an amended or supplemental brief was ever made to this court.

The defendant's second claim, that he did not receive proper jail time credit, is a proper subject for habeas corpus proceedings rather than review by this court. The same is true of his fifth claim, that he was denied effective assistance of counsel. *State* v. *Leecan,* 198 Conn. 517, 541, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986); *State* v. *Aspinall,* 6 Conn. App. 546, 554–55, 506 A.2d 1063 (1986).

The defendant's third claim is that although the state's attorney stated that fingerprints were lifted, no fingerprint evidence was presented to the jury. The factual basis for this claim is incorrect. Testimony was presented that fingerprints matching those of the defendant were taken from a kitchen window in the victims' house as well as from one of the glass jars containing the coins and bills. The defendant's fourth claim, that testimony by his alibi witness was not considered, is likewise incorrect. The defendant produced an alibi witness who testified to being with the defendant on the day of the crime, and the jury had the benefit of this testimony when deciding the case.

There is no error.

In this opinion the other judges concurred.