## STATE OF CONNECTICUT *v.* HAROLD DEVANNEY
### (4834)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 2—decision released September 8, 1987

*Edward J. Peters, Jr.,* with whom, on the brief, was *Anthony C. Polvino,* for the appellant (defendant).

*Lawrence J. Tytla,* assistant state's attorney, with whom, on the brief, was *Lloyd L. Langhammer,* certified legal intern, for the appellee (state).

SPALLONE, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of the

crime of risk of injury to a child in violation of General Statutes § 53-21.[1]

The jury could reasonably have found the following facts. In late 1981 or at some time thereafter, the defendant established a sexual relationship with his stepdaughter. At the time the relationship began, the victim was thirteen years old and in the eighth grade. These sexual encounters continued for a period of approximately three years and on some occasions intercourse occurred. Finally, when she was a sophomore in high school, the stepdaughter sought to discourage the defendant's advances. The defendant, however, persisted in his efforts to continue the relationship and wrote an eleven page letter that alluded to the sexual activity that had taken place between them.

On February 22, 1985, after the defendant and his wife had separated, the stepdaughter informed her mother of what had occurred over the years between her and the defendant. The next day the stepdaughter gave a detailed statement of what had transpired to the Old Lyme police.

The defendant claims that the trial court committed reversible error (1) in admitting the testimony of a treating physician that the defendant had been treated for gonorrhea, (2) in excluding from evidence a handwriting exemplar offered by the defendant, and (3) in denying the defendant's motions for judgment of acquittal.

The defendant's first claim of error is without merit. While the victim's earlier statement put the date later,

---

[1] General Statutes § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

at trial the victim testified that the defendant first initiated sexual contact with her as early as 1981. The victim's mother thereafter testified that, in May of 1982, she and the defendant visited the family physician, Jay Graves, who found the defendant to be suffering from gonorrhea. The mother tested negative. The defendant's counsel offered no objection to this testimony by the mother. In fact, during cross-examination of the mother, the defendant's counsel introduced a letter written by her which contained the same information relative to the defendant's venereal disease.

Graves was subsequently called as a witness and testified as to the defendant's gonorreheal infection and that the disease is contagious and transmitted through sexual contact. The defendant objected to the admission of this testimony as irrelevant and violative of the physician-patient privilege. The objections were overruled by the court and the doctor's testimony was admitted.

The defendant now claims that the trial court erred in admitting Graves' testimony as to the venereal disease because (1) the information was not contained in the state's response to the defendant's motion for disclosure and production made pursuant to Practice Book § 741, (2) the testimony was not relevant to any material issue at the trial, (3) the prejudicial effect of the testimony far outweighed its probative value, and (4) the testimony was a privileged communication between doctor and patient.

We will not review the defendant's claim that the state violated a duty to disclose under Practice Book § 741 because this claim was not raised at trial. Practice Book § 4185; see, e.g., *State* v. *Miller,* 186 Conn. 654, 672, 443 A.2d 906 (1982); *State* v. *Perieve,* 186 Conn. 599, 611–12, 442 A.2d 1345 (1982). Moreover,

the defendant has not asserted, nor do we find, that the claim is reviewable under the doctrine of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973).

We find no merit in the defendant's claim that the court erred in overruling the defendant's relevancy objection to Graves' testimony. In overruling the objection, the court concluded that the evidence was relevant to a determination of whether the defendant impaired the health of a minor by engaging in sexual contact with her while afflicted with a communicable sexual disease.[2] The trial court is vested with broad discretion in rulings on questions of relevancy. *State* v. *Fritz,* 204 Conn. 156, 167, 527 A.2d 1157 (1987). On appeal, we are limited in our review to a determination of whether, under the circumstances of the case, the trial court, in exercising its broad discretion, could legally act as it did, and we will not intervene unless there is a clear abuse of the court's discretion. See *Birgel* v. *Heintz,* 163 Conn. 23, 26, 301 A.2d 249 (1972); *State* v. *Aspinall,* 6 Conn. App. 546, 554, 506 A.2d 1063 (1986). We find that the trial court could reasonably conclude that the evidence of the defendant's affliction with a sexually communicable disease was relevant to the charges against him. See *State* v. *Jenkins,* 7 Conn. App. 653, 655, 509 A.2d 1098 (1986); *State* v. *Manluccia,* 2 Conn. App. 333, 335–36, 478 A.2d 1035 (1984).

Nor do we find that the court erred in failing to exclude the evidence on the ground that its prejudicial impact outweighed its probative value. Because of the inherent difficulties in balancing probative value

---

[2] The trial court concluded: "The [risk of injury] statute does talk about impairing the health, morals, and so forth of a child, and certainly someone who has a communicable disease if it is so and the jury does so find that certain activity did take place, the jury can, therefore, find that the person did impair the child's health if that person knew about the communicable disease and thereafter performed acts, but that's something for the jury to decide, not for me to decide."

against prejudicial effect, our appellate courts have repeatedly entrusted the resolution of this determination to the trial court. *State* v. *Tucker,* 181 Conn. 406, 416, 435 A.2d 986 (1980). Every reasonable presumption must be given in favor of the correctness of the court's ruling and reversal will ensue only where an abuse of discretion is manifest or where injustice appears to have been done. *State* v. *Barlow,* 177 Conn. 391, 394, 418 A.2d 46 (1979). In the context of the entire trial, it is apparent that little, if any, prejudice resulted to the defendant when the trial court admitted Graves' testimony. The defendant's wife had testified, without objection, to the defendant's venereal disease. In addition, the defendant himself had introduced a letter to the same effect. Furthermore, the defendant never sought an instruction limiting the purposes for which the jury could consider this evidence. We cannot say that the trial court abused its discretion in admitting Graves' testimony.

Finally, the admission of Graves' testimony violated no physician-patient privilege of confidentiality because no such privilege exists in Connecticut. There is no common law physician-patient privilege and none has been accorded in Connecticut or in federal courts as a general evidentiary principle. See *Shaw* v. *Scoville,* 369 F.2d 909, 911 n.2 (2d Cir. 1966); *State* v. *Hanna,* 150 Conn. 457, 465, 191 A.2d 124 (1963); *State* v. *Reid,* 146 Conn. 227, 232, 149 A.2d 698 (1959); *Zeiner* v. *Zeiner,* 120 Conn. 161, 167, 179 A. 644 (1935). It is not our role to reconsider this established precedent. See *Gibbs* v. *Mase,* 11 Conn. App. 289, 290 n.1, 526 A.2d 7 (1987); *State* v. *Weisser,* 9 Conn. App. 255, 257–58, 518 A.2d 655 (1986).[3]

---

[3] We note that even if the court had erred by allowing Doctor Graves' testimony into evidence, such error would be harmless because the substance of his testimony was previously introduced without objection through the testimony of the defendant's former wife and through the defendant's

In his second claim of error, the defendant contends that the trial court erred by refusing to admit a particular handwriting exemplar as a full exhibit until the defendant had testified as to its contents. The court initially refused to admit the handwriting exemplar of the defendant because the content of the exemplar contained allegations relevant to issues in the case that had not been testified to by any witnesses.[4] The court, however, later allowed the letter into evidence as an exhibit after the defendant testified as to its content. We find no error in the trial court's ruling on this matter.

In his final claim of error, the defendant contends that the court erred in denying his motion for judgment of acquittal at the close of the state's case-in-chief. At the conclusion of the state's case, the defendant made an oral motion to dismiss to the court. The court denied the motion, holding that the state had presented a prima facie case and that the matter was therefore one of the credibility of the witnesses. After reviewing the record, transcript, and exhibits in this case, we agree

---

introduction of a letter specifically referring to his venereal disease. " 'An erroneous ruling should not be considered reversible error if the evidence admitted thereby has already properly entered the case.' " *State* v. *Randolph,* 190 Conn. 576, 589–90, 462 A.2d 1011 (1983), quoting *State* v. *Jeustiniano,* 172 Conn. 275, 283, 374 A.2d 209 (1977); see also *State* v. *Vennard,* 159 Conn. 385, 393, 270 A.2d 837 (1970), cert. denied, 400 U.S. 1011, 91 S. Ct. 576, 27 L. Ed. 2d 625 (1971).

[4] The handwriting exemplar provided in pertinent part: "I was asleep sometime between 1:00 a.m. and 2:00 a.m. [The victim] shook me, and I awakened to hear [the victim] crying. I inquired why she was crying. She said she could not sleep thinking about the problems of the house. I can't take it anymore. My sisters don't talk to me. I can't be in the middle anymore. The girls ridicule me for speaking to you. Everytime I go downstairs, they give me dirty looks because I've spoken to you. Mom is upset because I talk to you, because you talk to me, and you don't talk to them. Why can't you be nice to them? Why can't you change? I can't live like this anymore. Mom gets upset too much. The girls hate me for showing concern for you when they can't stand you, but if you can change and talk to them, I would get along with them better."

that the evidence was sufficient, if credited, to convict the defendant of the crime of risk of injury, and that the case was properly allowed to go to the jury. See *State* v. *Miller,* 202 Conn. 463, 486–87, 522 A.2d 249 (1987); *State* v. *Dumlao,* 3 Conn. App. 607, 613, 491 A.2d 405 (1985).

There is no error.

In this opinion the other judges concurred.