COMMONWEALTH vs. JOHN SUGRUE.

Nos. 91-P-361 & 92-P-66.

Middlesex. December 7, 1992. - February 25, 1993.

Present: BROWN, JACOBS, & PORADA, JJ.

*Evidence*, Fresh complaint, Privileged communication, Relevancy and ma-
  teriality, Conversation between husband and wife, Cross-examination.
  *Practice, Criminal*, Assistance of counsel. *Constitutional Law*, Con-
  frontation of witnesses, Fair trial. *Witness*, Privilege. *Privileged
  Communication.*

At the jury-waived trial of an indictment for indecent assault and battery
  on a child, defense counsel's failure to object to highly prejudicial testi-
  mony outside the bounds of corroborative fresh complaint evidence in-
  dicating that there was more than one incident of abuse, and counsel's
  failure to object to the trial judge's initiation of an improper inquiry to
  a witness on the same subject, constituted ineffective assistance of coun-
  sel requiring reversal of the defendant's conviction. [173-175]
In the circumstances of the retrial of an indictment for indecent assault
  and battery on a child, a private marital conversation between the de-
  fendant and his wife would not be excludable, where the evidence was
  material and significant to the presentation of the defendant's case on
  the issue of the wife's credibility with the result that the defendant's
  constitutional rights of confrontation and a fair trial outweighed the
  application of the disqualification under G. L. c. 233, § 20. [175-178]

INDICTMENT found and returned in the Superior Court De-
partment on November 16, 1989.

The case was heard by *J. Owen Todd*, J., and a motion for
a new trial was also heard by him.

*Jane Larmon White*, Committee for Public Counsel Ser-
vices, for the defendant.

*Daniel A. Less,* Assistant District Attorney, for the
Commonwealth.

PORADA, J. The defendant was charged with assault and battery, indecent assault and battery, and rape of a child.[1] Following a jury-waived trial, he was convicted of indecent assault and battery and acquitted of the other charges. He filed a motion for a new trial on numerous grounds, including claims that his trial counsel was ineffective in many respects and that the trial judge erred in excluding evidence of a private conversation between the defendant and his wife which demonstrated his wife's motive to lie. The motion was denied by the judge who had presided over the defendant's trial. On appeal from the denial of the motion for a new trial and from his conviction, the defendant reasserts many of the same claims set forth in his motion for a new trial. We conclude that the defendant is entitled to a reversal of his conviction based on one of his claims of ineffective assistance of counsel.[2] We discuss that claim and the claim relating to the admissibility of the private marital conversation as evidence, which is likely to arise again if there is a retrial.

1. *Ineffective assistance of counsel.* The defendant argues that the failure of his trial counsel to object to the testimony of witnesses which exceeded the proper limits of corroborative fresh complaint evidence constituted ineffective assistance of counsel. At trial, the child, age six, testified as to one occasion when the defendant touched his "pee-pee" and "bum." Thereafter, three fresh complaint witnesses were permitted to testify, without objection by defense counsel, that the child told them that it happened more than once. On one occasion, the trial judge without objection asked a witness who had interviewed the child about the incident whether she got the impression that it happened more than once, to which she responded in the affirmative. This testimony was clearly outside the permissible bounds of corroborative fresh complaint evidence. See *Commonwealth* v. *Kirouac*, 405 Mass.

---

[1]The victim was his son, who was five years of age at the time of the incident.

[2]Because of our decision, we do not address the defendant's other claims of ineffective assistance of counsel based upon the failure of trial counsel to present or object to certain evidence.

557, 565 (1989)(videotape showed evidence of conduct not mentioned in the testimony of the victim and, therefore, exceeded proper limits of corroborating fresh complaint evidence); *Commonwealth* v. *Tingley*, 32 Mass. App. Ct. 706, 710-711 (1992)(testimony as to the child's report of an indecent assault occurring at a time prior to that specified in the criminal complaint and not included in the victim's testimony was grounds for reversal). Since there appears to have been no strategic reason for not objecting to this evidence, which was highly prejudicial, *Commonwealth* v. *Welcome*, 348 Mass. 68, 70-71 (1964), we conclude that trial counsel's performance fell measurably below that which might be expected from an ordinary fallible lawyer. *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

The Commonwealth argues, however, that the defendant was not prejudiced by his trial counsel's failure to object because the trial judge in denying the defendant's motion for a new trial found that to the extent that the fresh complaint testimony exceeded the scope of the complainant's testimony, such excess was not material or prejudicial. The judge's reasoning was based on his acknowledgment that fresh complaint evidence is corroborative and not substantive and his recognition that the Commonwealth's case was based on the one incident to which the complainant testified. However, we cannot overlook the fact that in this case the trial judge's initiation of an improper inquiry to one of the witnesses, as to whether she had the impression that it happened more than once, raises doubts as to the effect of this evidence upon his decision. Accordingly, we find the judge's assurances are insufficient to ameliorate the risk that his decision may have been affected by this improper evidence. See *Commonwealth* v. *Welcome*, *supra* (where defendant was charged with indecent assault and battery, admission of evidence of similar prior offenses in a jury-waived trial considered reversible error). Nor are we persuaded that the prejudice emanating from allegations of multiple prior indecent sexual assaults is diminished because its use is limited to corroborative and not substantive purposes. Indeed, in this case, to the extent that

the fresh complaint witnesses testified to statements made by the child about instances of sexual abuse other than the one incident which was the subject of his testimony, this evidence was not even admissible for corroborative purposes and could only be considered prejudicial. *Commonwealth* v. *Kirouac*, 405 Mass. at 565. We conclude that the admission of this evidence was sufficiently prejudicial to require a reversal of the conviction on the ground of ineffective assistance of counsel. *Commonwealth* v. *Gillette*, 33 Mass. App. Ct. 427, 429-432 (1992).

2. *Private marital conversation.* Because there may be a retrial, we discuss the admissibility of a private conversation between the defendant and his wife in which the defendant threatened to obtain custody of the children in the event of a divorce. At trial, the judge, upon objection by the prosecutor, barred defense counsel from cross-examining the defendant's wife about this conversation and prohibited the defendant from testifying about it on direct examination. On both occasions, defense counsel made no offer of proof of the content of the proffered testimony. The basis for the judge's ruling was the disqualification of husbands and wives to testify as to private, marital conversation pursuant to G. L. c. 233, § 20.[3] In the defendant's motion for a new trial, his new counsel argues that this conversation should have been admitted to show the wife's motive to lie and that the disqualification under G. L. c. 233, § 20, must yield to the defendant's right of confrontation under the Sixth Amendment to the Federal Constitution and the defendant's right to present all favorable evidence under art. 12 of the Massachusetts Decla-

---

[3]General Laws c. 233, § 20, as appearing in St. 1983, c. 145, provides, in pertinent part, as follows:

"Any person of sufficient understanding, although a party, may testify in any proceeding, civil or criminal, in court or before a person who has authority to receive evidence, except as follows:

"First, Except in a proceeding arising out of or involving a contract made by a married woman with her husband and except in a proceeding under chapter two hundred and seventy-three A and in a prosecution begun under sections one to ten, inclusive, of chapter two hundred and seventy-three [nonsupport proceedings], neither husband nor wife shall testify as to private conversations with the other. . . ."

ration of Rights. In ruling on the defendant's motion for a new trial, the judge rejected this argument on the grounds that the wife's bias against her husband had been adequately demonstrated by other evidence relating to marital discord and that this evidence was simply a "variation on the theme" of her prejudice. The judge distinguished this evidence from that deemed admissible in *Commonwealth* v. *Stockhammer*, 409 Mass. 867, 883-884 (1991), on the basis that in *Stockhammer* the evidence was only subject to a qualified privilege and not a disqualification, and was of greater consequence and importance than the evidence proffered in this case.

In determining whether this conversation should be admitted in evidence, we first address whether the evidence is material to the defendant's case. See *Commonwealth v. McCreary*, 12 Mass. App. Ct. 690, 695-697 (1981)(where conversation between husband and wife only marginally relevant and defendant had not stated specific grounds to the judge for avoiding disqualification, application of disqualification was not error). While there was ample evidence in this case of the animosity between the defendant and his wife, including threats of divorce and allegations of infidelity, it was not the equivalent of evidence that a custody dispute loomed on the horizon. See *Commonwealth* v. *Piedra*, 20 Mass. App. Ct. 155, 157-158 (1985) (testimony of fractious rift between witness and defendant not the equivalent of a specific inquiry about the witness's motive to accuse the defendant). Given the corroborative nature of the wife's testimony and arguably the influence she has over her young child, she is an important witness for the Commonwealth. Providing the trier of fact with a very specific motive on the part of the wife to lie about the incident in order to guarantee that she would maintain custody of her children might well have made a difference in the outcome of the trial.

Having determined that the evidence was material, we must decide whether the application of the marital disqualification must yield to the defendant's right of confrontation under the Federal and State Constitutions and his right to a

fair trial under art. 12 of the Massachusetts Declaration of Rights. The Supreme Court has recognized that a criminal defendant's constitutional right to present evidence shown to be relevant and likely to be significant may override a State's rule of exclusion of evidence. *Davis* v. *Alaska*, 415 U.S. 308, 319 (1974). Accordingly, our Supreme Judicial Court has held that in certain circumstances absolute privileges must yield to a defendant's constitutional rights, *Commonwealth* v. *Two Juveniles*, 397 Mass. 261, 264-269 (1986), but has not addressed whether in certain circumstances the marital disqualification under G. L. c. 233, § 20, must yield to the defendant's constitutional rights.[4] Cf. *Commonwealth* v. *Maillet*, 400 Mass. 572, 578 n.8 (1987) (recognition that privilege afforded a spouse to elect not to testify against the other spouse in a criminal case can implicate Sixth Amendment rights). However, we see no reason why the policies behind the evidentiary bar of private marital discourse may not also be outweighed in certain circumstances by the defendant's constitutional rights. Those policies include the need to protect marital confidentiality and harmony, and the recognition that such evidence is likely to be unreliable or untrustworthy due to the natural bias of affection and commonalty of interest between the spouses. *Gallagher* v. *Goldstein*, 402 Mass. 457, 459-461 (1988). See Judicial Council Report, 37 Mass.L.Q. 69, 72 (1947). In this case, the policies behind the statute are not undermined by lifting the disqualification. There is little marital harmony to preserve where the statement is made in the waning days of a marriage in disrepair. Similarly, there is no need to preserve the confidentiality of a marital conversation where the wife in a deposition in the divorce action has disclosed the content of this conversation. In sum, we conclude that, in the circumstances of this case, where a credible showing has been made that the private conversation is material and significant to the presentation of

---

[4]Other States which consider marital conversations privileged have held that the privilege must yield in certain circumstances to the defendant's constitutional rights. See *Salazar* v. *State*, 559 P.2d 66, 76-79 (Alaska 1976); *People* v. *Foskey*, 136 Ill.2d 66, 88-95 (1990).

the defendant's case, the defendant's constitutional rights of confrontation and cross-examination and his right to a fair trial outweigh the application of the marital disqualification under G. L. c. 233, § 20, and accordingly, the evidence should be admitted.[5]

Our decision obviates the need to discuss the defendant's other claims of error which are either unlikely to arise again or are without merit.

*Judgment reversed.*
*Finding set aside.*

---

[5]The defendant raises the argument for the first time on appeal that the marital disqualification does not apply because the conversation constituted abusive language or threats which are not excluded by G. L. c. 233, § 20. See *Commonwealth* v. *Gillis*, 358 Mass. 215, 216-218 (1976), and cases collected therein. Since this argument was not advanced at trial or as a basis for the allowance of the defendant's motion for a new trial, we need not consider it on appeal. *Commonwealth* v. *Benoit*, 410 Mass. 506, 517 (1991). In any event, the defendant's threats to obtain custody of his children appear not to rise to the level of abusive or threatening language excepted from G. L. c. 233, § 20. See *Commonwealth* v. *Gillis*, 358 Mass at 216-218.